UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNY RAY ANDERSON, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 1:13-cv-01734-TWP-MJD |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

This matter is before the Court on Motion to Vacate, Set Sside or Correct Sentence filed by Petitioner Denny Ray Anderson ("Mr. Anderson"). For the reasons explained in this Entry, the motion of for relief pursuant to 28 U.S.C. § 2255 must be **DENIED**. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

On October 19, 2011, Mr. Anderson was charged by Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

On August 16, 2012, Mr. Anderson filed a Petition to Enter a Plea of Guilty in Case No. 1:11-cr-00201-TWP-TAB. On that same day, the parties submitted to the Court a written Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), and (C). That agreement provided that Mr. Anderson would plead guilty to the charge alleged in the Indictment and that he would be sentenced to a term of imprisonment of 180 months. The Plea Agreement further provided that in exchange for concessions made by the United States, Mr. Anderson expressly

waived his right to a direct appeal of the conviction and sentence imposed. Crim. Dkt. 51; Plea Agreement ¶ 8. Mr. Anderson did not, however, waive his right to collaterally attack the conviction and sentence via 28 U.S.C. § 2255.

On August 27, 2012, Mr. Anderson appeared before the Court for a change of plea hearing. At that hearing, the Court found that Mr. Anderson's plea of guilty was voluntarily and knowingly made and that a factual basis for the plea was established. The Court then accepted Mr. Anderson's plea and adjudged him guilty as charged.

On November 1, 2012, a sentencing hearing was conducted. At the sentencing hearing, the Court, in conformity with the binding Plea Agreement, sentenced Mr. Anderson to a term of imprisonment of 180 months to be followed by five years of supervised release. Mr. Anderson was also fined $500 and assessed the mandatory assessment of $100. Judgment of conviction was entered on November 5, 2012.

On October 28, 2013, Mr. Anderson filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Mr. Anderson requests an evidentiary hearing, the appointment of counsel and that his guilty plea and sentence be vacated. The United States responded and Mr. Anderson filed a reply.

## II. Ineffective Assistance of Counsel

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. U.S.*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is

appropriate to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Mr. Anderson claims that he is entitled to relief under § 2255 because his counsel failed to provide effective assistance as guaranteed by the Sixth Amendment. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. This right to assistance of counsel encompasses the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Stitts v. Wilson,* 713 F.3d 887, 891 (7th Cir. 2013) (petitioner has burden of demonstrating both deficient performance and prejudice). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.*

Mr. Anderson's motion to vacate argues that his "plea was not intelligent, knowing, or voluntary" because he was "suffering mental problems." He claims that his counsel was ineffective for not raising these issues. Next, Mr. Anderson asserts that his counsel was ineffective for not seeking a more lenient sentence based on Mr. Anderson's "diminished mental capacity." Finally,

Mr. Anderson claims that his sentence amounts to cruel and unusual punishment because he is not getting adequate psychological treatment or care in prison.

**A. Competency**

Mr. Anderson claims that he was suffering mental problems such as paranoid schizophrenia, delusions, and hallucinations before, during, and after he appeared in court. Mr. Anderson argues that his attorney should not have permitted him to plead guilty because she knew of his mental incapacity. This claim is based on the theory that Mr. Anderson was not competent to stand trial and that his attorney should have sought a competency examination prior to allowing him to plead guilty.

A defendant is competent to stand trial if he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and he has "a factual understanding of the proceedings against him." *Warren v. Baenen*, 712 F.3d 1090 (7th Cir. 2013) (internal quotations omitted). To show prejudice under *Strickland* in relation to this type of claim, the movant must show that there was "a reasonable probability the defendant would have been found unfit had a [competency] hearing been held." *Warren*, 712 F.3d 1090 (internal quotation omitted). Mr. Anderson has not and cannot make this showing.

The Court was well informed regarding Mr. Anderson's mental health problems during the course of the trial. At the change of plea hearing the following exchange occurred:

> THE COURT: Have you been treated recently for any mental illness or addictions to alcohol or narcotic drugs of any kind?
>
> THE DEFENDANT: I'm on psychotropic drugs right now.
>
> THE COURT: Okay. What's your diagnosis?
>
> THE DEFENDANT: Paranoid schizophrenia and a few other things. I don't know exactly everything.

>THE COURT: So, are you currently under the influence of any drugs or medication?
>
>THE DEFENDANT: Medication.
>
>THE COURT: Okay. Does your medication affect your ability to understand today's proceedings?
>
>THE DEFENDANT: Not that I know of, Your Honor.
>
>THE COURT: Okay. So, right now you're thinking clearly and you understand what's going on?
>
>THE DEFENDANT: Right. I mean, as good as I can, yeah.

Case No. 1:11-cr-00201-TWP-TAB, Dkt. 75 at p. 5. In addition to this exchange, Mr. Anderson answered the Court's questions in a manner which reflected that he understood the proceedings. It is also clear from the record that Mr. Anderson was able to consult with his lawyer with a reasonable degree of rational understanding and that he had a factual understanding of the proceedings against him. At the sentencing hearing his counsel stated: "And, you know, in my interaction with Mr. Anderson, I think that it's pretty obvious that he thinks well when he's on his medication . . . ." Sent. Trans., *Id.* Dkt. 72 at p. 16. Counsel explained further:

>Even in the time that I have spent with him, when he's moved from one cell block to another -- which seems to be a problem in the jail here, they move him, and then for a period of time he doesn't have the right medication. And when I come to see him, he can't focus on what we're talking about.
>
>Now, after he's been in the new cell block and they've got his medication back, he's a whole lot better. But, it's pretty clear to me that when he's not medicated, he has an extremely difficult time of conforming his behavior to what, you know, the Court would expect.

Sent. Trans., Dkt. 72 at p. 18. Mr. Anderson received medication while at the Marion County Jail that allowed him to consult with his lawyer. He demonstrated at both the change of plea hearing and sentencing hearing that he understood the proceedings against him. Under these circumstances, this Court would not have found Mr. Anderson unfit had a competency hearing

been held. Under these circumstances, counsel cannot be found ineffective for failing to seek a competency hearing.

### B. The Guilty Plea

The Supreme Court has recognized that defendants are entitled to the effective assistance of competent counsel during plea negotiations. *See Lafler v. Cooper*, 132 S.Ct. 1376 (2012). Mr. Anderson's second specification of ineffective assistance of counsel is that his guilty plea was not knowingly and voluntarily entered and that his trial counsel should have raised this issue. This claim is uniformly without merit.

As a preliminary matter, Mr. Anderson's claim that his plea of guilty was not knowing and voluntary conflicts with the representations he made to the Court in his Petition to Enter a Plea of Guilty, his written Plea Agreement, and his colloquy with the Court at his change of plea hearing.

In the Petition to Enter a Plea of Guilty, Mr. Anderson represented to the Court that he had "read and discussed [the Indictment] with [his] attorney and believe[d] and [felt] that [he] under[stood] every accusation made against [him] in this Case." Case No. 1:11-cr-00201-TWP-TAB; Dkt. 50; Petition to Enter a Plea of Guilty ¶ 4. Mr. Anderson further represented that his attorney "informed, counseled and advised [him] as to the nature and cause of every accusation against [him] and as to any possible defenses [he] may have in this case." *Id.* ¶ 5. Mr. Anderson stated that he "believe[d] and [felt] that [his] attorney had done all that anyone could to counsel and assist [him] and that he now under[stood] the proceedings in this case against [him]." *Id.* ¶ 12.

In addition, Anderson asserted that he "offer[ed] [his] plea of 'Guilty' freely and voluntarily and of [his] own accord." *Id.* ¶ 14. And that he made "no claim of innocence." *Id.* ¶ 13. In the Certificate of Counsel attachment to Mr. Anderson's guilty plea petition, his counsel represented to the Court her "opinion" that his plea of guilty was "offered . . . voluntarily and

6

understandingly" and that "[t]o the best of her knowledge and belief each statement set forth in the [Petition to Enter a Plea of Guilty] is in all respects accurate and true."

This Court expressly found that Mr. Anderson's plea was knowingly and voluntarily entered. "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant 'satisfies a heavy burden of persuasion.'" *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001). Mr. Anderson's self-serving statements of a lack of understanding cannot undermine or place into question the district court's findings at the change of plea hearing. *See United States v. Ashimi,* 932 F.2d 643, 650 (7th Cir. 1991).

**C. Presentence Investigation Report**

Mr. Anderson argues that his counsel should have objected to unidentified information in his Presentence Investigation Report and sought a downward departure based on his diminished mental capacity. This argument is without merit for multiple reasons. First, Mr. Anderson received the most lenient sentence possible, the statutory minimum. His sentence was below the advisory guideline range. The sentence was the result of the Plea Agreement ably negotiated for Mr. Anderson by his counsel and counsel's persuasive arguments in favor of the below guideline sentence. One of these arguments was based on Mr. Anderson's history of mental illness and his difficulty in obtaining his needed medications. Given the defendant's extensive criminal history, a below guideline sentence was atypical. No argument could be presented that Mr. Anderson's counsel could have obtained a better result for Mr. Anderson. Second, it is true that a defense attorney has a responsibility to reasonably investigate the circumstances of the case against his client. *See Bruce v. United States*, 256 F.3d 592, 587-89 (7th Cir. 2001). But, the mere allegation that a lawyer failed to conduct an adequate investigation, without particulars as to what was not done that should have been, is insufficient to warrant post-conviction relief. *See e.g., United States*

7

*ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987). Although Mr. Anderson argues that his counsel failed him, he has not demonstrated how or in what respect his attorney's investigation of the facts included in his presentence report was inadequate, or demonstrated what evidence could have been presented (but was not) that would likely have changed his sentence. Third, the sentencing transcript reflects that Mr. Anderson's counsel did investigate his prior criminal history and made multiple objections which were considered by this Court. Mr. Anderson has demonstrated neither deficient performance nor any prejudice with respect to this claim. Mr. Anderson's claim of ineffective advocacy fails because the record demonstrates that a vigorous and competent defense was presented on his behalf. No relief is warranted on this basis.

### D. Eighth Amendment Claim

Mr. Anderson claims that his sentence violates his Eighth Amendment right to be free from cruel and unusual punishment because he is not receiving adequate or sufficient psychological treatment for his mental illness and cancer. This conditions of confinement claim is outside the scope of a motion pursuant to § 2255. If Mr. Anderson believes that his Eighth Amendment rights are being violated based on the medical care he is receiving (or not receiving) he may pursue this claim in a new civil rights action. No relief pursuant to § 2255 is warranted on this basis.

### III. Evidentiary Hearing

Mr. Anderson suggests that he is entitled to an evidentiary hearing on the issues raised in this § 2255 motion. "A § 2255 petitioner is entitled to an evidentiary hearing on his claim where he alleges facts that, if true, would entitle him to relief." *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010) (citing *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *Hall v. United States*, 371 F.3d 969, 972 (7th Cir. 2004)). On the other hand, a hearing "is not required when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.'"

*Id.* (quoting 28 U.S.C. § 2255(b)). For the reasons explained above, the record in this case conclusively establishes that Mr. Anderson is not entitled to relief making any such hearing unnecessary. Therefore, his request for an evidentiary hearing is **denied.** These same reasons dictate the conclusion that the appointment of counsel is not necessary. Accordingly, any request for the assistance of counsel in pursing this § 2255 motion is **denied.**

### IV. Conclusion

For the reasons explained in this Entry, Mr. Anderson has failed to show that he is entitled to the relief he seeks and his motion for relief pursuant to 28 U.S.C. § 2255 must be **DENIED.** Accordingly, the request for an evidentiary hearing is also **DENIED**. Judgment consistent with this Entry shall now issue.

This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, Case No. 1:11-cr-00201-TWP-TAB-1.

### V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Anderson has failed to show that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 6/16/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution. This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, 1:11-cr-201-TWP-TAB-1.**

Distribution:

DENNY RAY ANDERSON
10387-028
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Matthew P. Brookman
UNITED STATES ATTORNEY'S OFFICE - EV
Email: Matthew.Brookman@usdoj.gov